15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Martin GARCIA-ESPARZA, (true name Salvador Camacho),
Defendant-Appellant.
 No. 93-50388.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 18, 1994.*
Decided Jan. 25, 1994.
 
 Before: REINHARDT, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin Garcia-Esparza appeals his 24-month sentence imposed after a guilty plea to reentry following deportation in violation of 8 U.S.C. Sec. 1326(a). Garcia-Esparza contends the district court erred by enhancing his base offense level by four levels under U.S.S.G. Sec. 2L1.1(b)(1). Garcia-Esparza's negotiated plea agreement expressly waived his right to appeal the sentence pursuant to 18 U.S.C. Sec. 3742. Garcia-Esparza argues that the district court did not accept that part of the plea agreement. We disagree.
 
 
 3
 This court reviews de novo whether the appellant waived his statutory right to appeal. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991).
 
 
 4
 18 U.S.C. Sec. 3742(a)(2) permits the filing of a notice of appeal if the sentence was imposed "as a result of an incorrect application of the sentencing guidelines." The right to appeal is statutory and an express waiver of the right is valid if it is knowing and voluntary. Id. at 480.
 
 
 5
 In his plea agreement, Garcia-Esparza expressly waived the section 3742 right to appeal all sentencing issues if the district court did not impose a sentence greater than that recommended by the government. The district court sentenced Garcia-Esparza to 24 months imprisonment, the sentence recommended by the government.
 
 
 6
 Garcia-Esparza asserts the plea agreement's waiver of appeal is unenforceable because the district court did not accept it. Although the district court indicated one always has the right to appeal to see if the court did what it is supposed to do, it unquestionably accepted the entire plea agreement.
 
 
 7
 Because we enforce Garcia-Esparza's waiver of his right to appeal, we do not consider his underlying claim that the district court misapplied the guidelines. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3